IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Oscar Lee Dantzler, | ) C/A No. 2:15-cv-04662-MGL-MGB |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| South Carolina Department of Corrections; Ms. Jamison, *A.C.I.*; Warden Williams, *A.C.I.*; Stephanie Willis, *South C.D.C.*; and Mrs. Moore, *A.C.I.*, | ) ) ) ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff Oscar Lee Dantzler ("Plaintiff" or "Dantzler") is incarcerated at Allendale Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Proceeding *pro se*, Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 seeking "emergency release." (*See* Dkt. No. 1 at 3 of 3.) This matter is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for initial screening.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is

1

"frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke*, 490 U.S. 319.

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, a *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Plaintiff brings the instant § 1983 action against SCDC, three employees of Allendale Correctional Institution, and one employee of SCDC. (*See generally* Dkt. No. 1.) The action appears to arise out of a sentence from the Richland County Court of Common Pleas. (*See* Dkt. No. 1-1 at 4 of 11; *see also* Dkt. No. 1-3 at 1 of 2.) Based on the sentencing sheet attached by Plaintiff to his Complaint, on July 28, 2015, Judge Hood sentenced Petitioner to ten years, provided that upon the service of 2 years the balance is suspended with probation for two years on the charge of shoplifting "enhancement for 3rd or sub. offense, value $2000 or less." (Dkt. No. 1-1 at 4 of 11.) The sentencing

2

sheet also indicates that Plaintiff "is to be given credit for time served pursuant to S.C. Code § 24-13-40 to be calculated and applied by the State Department of Corrections," and beside that notation is written "258 days." (*Id*.) Plaintiff complains that he "had 258 days time served and [he is] still in jail now for nothing." (Dkt. No. 1 at 3 of 3.) He asserts that Defendants Jamison and Moore are "not granting what the[] judge gave [Plaintiff] 258 days." (Dkt. No. 1-1 at 6 of 11.) In the "Relief" section of his Complaint, Plaintiff states that he seeks "emergency release." (Dkt. No. 1-1 at 3 of 3.)

The undersigned recommends summarily dismissing the instant action. Petitioner seeks "emergency release," but as the Supreme Court stated in *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), when "the relief [a prisoner] seeks is a determination that he is entitled to immediate release or a speedier release from [custody], his sole federal remedy is a writ of habeas corpus." *See also Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (noting that in *Preiser*, the Court "held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" (citing *Preiser*, 411 U.S. at 488-90)). In the 2008 opinion of *Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008), the Fourth Circuit explained,

> In *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), a group of state prisoners filed a § 1983 action alleging that the New York State Department of Correctional Services' denial of good-time credits violated their constitutional right to due process. The prisoners sought an injunction to force the prison to restore the credits, a remedy which would have reduced the prisoners' sentences. Despite the "literal applicability" of § 1983, the Supreme Court affirmed the district court's dismissal of the claim because the prisoners' "challenge is just as close to the core of habeas corpus as an attack on the prisoner's conviction, for it goes directly to the constitutionality of his physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration." *Id*. at 489, 93 S.Ct. 1827. Because the plaintiffs "sought no [monetary] damages, but only equitable relief-restoration of their

3

good-time credits," *id*. at 494, 93 S.Ct. 1827, the Supreme Court expressly limited its holding to the equitable relief sought by the prisoners.

*Wilson*, 535 F.3d at 264.

The Fourth Circuit held in *Wilson* that when a former prisoner is challenging the validity of his past confinement, and due to his unconditional release "would be left without any access to federal court if his § 1983 claim was barred[,]" the § 1983 claim could proceed. *See Wilson*, 535 F.3d at 268. In the case *sub judice*, however, Plaintiff remains in custody and is able to access the federal courts to bring a habeas challenge pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2241.[1] In light of the foregoing, the undersigned recommends summarily dismissing the instant § 1983 action without prejudice. *See Griffin v. Baltimore Police Dep't*, 804 F.3d 692, 694-95 (4th Cir. 2015) ("Habeas corpus, and not § 1983, is the exclusive federal remedy for state prisoners seeking actual release from confinement."); *Todd v. Baskerville*, 712 F.2d 70, 73 (4th Cir. 1983) ("[I]f the 'core' of the prisoner's claim is the length or duration of his sentence and any claim of damages is purely ancillary to and dependent on a favorable resolution of the length or duration of his sentence, the proceeding is in habeas."); *see also Proctor v. Spartanburg County Court of Gen. Sessions*, Civ. A. No. 7:12-00836-HMH-KFM, 2012 WL 1440228, at *3 (D.S.C. Apr. 6, 2012), adopted at 2012 WL 1440220 (Apr. 26, 2012) (plaintiff's complaint was subject to

---

[1] Generally speaking, before a petitioner files a petition for a writ of habeas corpus, the petitioner must exhaust his or her state court remedies prior to filing such petition. *See, e.g., Austin v. Watts*, Civ. A. No. 9:13-216-MGL-BM, 2013 WL 1686304, at *3 (Jan. 29, 2013), adopted at 2013 WL 1686463 (Apr. 18, 2013). Plaintiff's attention is directed to the South Carolina Supreme Court's opinion in *Al–Shabazz v. State*, 338 S.C. 354, 527 S.E.2d 742 (2000), which outlines state court recourse for a claim that a sentence has been improperly executed or miscalculated. *See Austin*, 2013 WL 1686304, at *3 ("[B]efore Plaintiff may proceed with a federal habeas corpus petition in this court challenging his continued custody and/or his alleged sentence max-out date miscalculation, Plaintiff must first exhaust his state *administrative* remedies available through the SCDC grievance process, and then he must fully exhaust his state *court* remedies as provided through the" South Carolina Administrative Procedures Act, S.C. Code §§ 1-23-310 through 1-23-400.).

summary dismissal where the plaintiff sought "injunctive relief in the form of release from prison and expungement of his record").

## RECOMMENDATION

For the foregoing reasons, the instant action should be summarily dismissed, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

March 18, 2016
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk of Court
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).